**ZHENYI CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

**No. 08–3905–ag.**

United States Court of Appeals, Second Circuit.

April 10, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Jeannine Quijije, Law Offices of Fuhao Yang, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, David V. Bernal, Assistant Director, Tiffany Walters Kleinert, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Zhenyi Chen, a native and citizen of the People's Republic of China, seeks review of the July 9, 2008 order of the BIA affirming the June 5, 2007 decision of Immigration Judge ("IJ") Barbara Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Yi Chen,* No. A097 957 379 (B.I.A. July 9, 2008), *aff'g* No. A097 957 379 (Immig. Ct. N.Y. City June 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir. 2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 166–67 (2d Cir. 2008).

We conclude that substantial evidence supports the IJ's credibility determination. The IJ found that while Chen testified and claimed in his asylum application that his wife had been forced to undergo an abortion in February 2004, he failed to mention the abortion to the asylum officer during his credible fear interview. The IJ noted

that this omission was "significant" given the nature of Chen's claim and the fact that Chen's written statement and hearing testimony were otherwise consistent with his statements during that interview. We agree. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453–54 (2d Cir.2006). Chen's explanation for the omission—that the asylum officer did not ask about his wife's abortion—was unpersuasive because Chen told the official that "nothing else" had happened in China after his wife went into hiding during her second pregnancy. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

Moreover, the record supports the IJ's conclusion that Chen failed to corroborate his claims. An applicant's failure to corroborate his or her testimony may bear on credibility because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). However, an IJ may not base an adverse credibility finding on the absence of corroborating evidence that was not reasonably available to the applicant. *See Li Zu Guan v. INS,* 453 F.3d 129, 141 (2d Cir.2006).

In this case, the IJ reasonably pointed to the fact that Chen failed to offer any evidence other than his wife's letter to support his assertion that his wife had been subject to a forced abortion. The absence of such evidence rendered Chen unable to rehabilitate his testimony. *See Xiao Ji Chen,* 471 F.3d at 341. Further, contrary to Chen's claims, the IJ did consider his wife's letter, but determined that it was not sufficient to overcome the "serious omission" in the course of Chen's credible fear interview. We have no basis for granting the petition on this ground, especially in light of the substantial discretion we must give to the IJ's factual determination. *See id.* at 342.

Because the only evidence that Chen was likely to be persecuted or tortured depended upon his credibility, the adverse credibility determination in this case precludes success on his claim for asylum, withholding of removal and CAT relief, which were all based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.